IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEDRICK LAMAR MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-993-WKW |
| | ) | [WO] |
| JUDGE GLENN GOGGANS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 28, 2025, Plaintiff Kedrick Lamar Murray, a pretrial detainee at the Elmore County Jail in Wetumpka, Alabama, filed a complaint, nominally pursuant to 42 U.S.C. § 1983, in the Northern District of Alabama.[1] (Doc. # 1.) He alleges that Judge Glenn Goggans, a district judge for the Nineteenth Judicial Circuit Court of Alabama, violated his constitutional rights during a pending state-court criminal proceeding. (Doc. # 1 at 2, 3–6.) This action was transferred to this court from the Northern District of Alabama on December 17, 2025. (Doc. # 6.) As discussed below, the sole potential § 1983 claim alleging excessive bail against Judge Goggans will be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated his § 1983 complaint "10/28/2025." (Doc. # 1 at 7.)

Mr. Murray's complaint otherwise will be recharacterized as a habeas-corpus petition under 28 U.S.C. § 2241.[2]

## I. THE COMPLAINT'S ALLEGATIONS

In his complaint, Mr. Murray asserts he was arrested on May 25, 2023, and subsequently detained at the Elmore County Jail. Initially, his bond was set at $3,071,000.00 in cash, but after 23 months, the cash requirement was removed, and the bond amount was "cut in half."[2] (Doc. # 1 at 4.)

Mr. Murray claims that he has not received a preliminary hearing and that the court has yet to rule on his motions as of his last court appearance on July 23, 2025. (Doc. # 1 at 4.) He also alleges that he has "missed ten indictment rounds," despite having been incarcerated for 29 months. (Doc. # 1 at 4.) Furthermore, he alleges that Elmore County has received four to five laboratory results, with a fifth toxicology report not expected until 2028, potentially extending his pretrial incarceration to five years. (Doc. # 1 at 5.)

Mr. Murray contends that the bond conditions and delays in his criminal proceedings violate his constitutional rights, specifically invoking the Sixth

---

[2] Plaintiff has not specified the nature of the charges against him. However, a review of Alacourt.com indicates that the charges are noncapital offenses related to drug trafficking. Records from Mr. Murray's state court proceedings can be accessed via Alacourt at https://v2.alacourt.com/. A federal court may take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020); Fed. R. Evid. 201(b)(2).

Amendment to the United States Constitution.  (Doc. # 1 at 3–4.)  He also alleges judicial prejudice and discrimination.  (Doc. # 1 at 4.)

Mr. Murray sues Judge Glenn Goggans in his individual capacity.  (Doc. # 1 at 2.)  As relief, he requests a "change of venue to a reasonable judge" outside Elmore County's jurisdiction, a reduction of his bond to a constitutional and attainable amount, and "time served."  (Doc. # 1 at 6.)  The requested relief is best described as injunctive in nature.

## II.  DISCUSSION

**A.    42 U.S.C. § 1983 Claim Alleging Excessive Bail Against Judge Goggans**

### 1.  *Standard of Review*

Because Mr. Murray is seeking redress from a state judge, the § 1983 complaint must be screened under 28 U.S.C. § 1915A.  Section 1915A requires the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous or fail to state a claim upon which relief may be granted. § 1915A(b)(1).

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law."  *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.

Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

Moreover, a complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

## 2. *Analysis*

In *Henley v. Payne*, the Eleventh Circuit recognized that "[t]he ordinary remedy for excessive bail is a state habeas corpus action." 945 F.3d 1320, 1332 (11th Cir. 2019); *see also generally Ex parte Carter*, 420 So. 3d 444, 448 (Ala. Crim. App. 2024) (addressing a claim of excessive bail brought in a writ of habeas corpus). However, the court held that "[a] § 1983 claim for excessive bail in violation of the Eighth Amendment may lie against the supervisory official who set the bail if the plaintiff alleges that the terms of release are not "'designed to ensure a compelling interest of the government.'" *Henley*, 945 F.3d at 1332 (quoting *Campbell v. Johnson*, 586 F.3d 835, 842–43 (11th Cir. 2009) (per curiam)). The court has considered whether Mr. Murray's excessive-bail claim for injunctive relief against Judge Goggans can proceed but has concluded that it cannot.[3]

---

[3] Plaintiff wisely has not brought § 1983 claims for monetary damages against Judge Goggans, as such claims would be barred by the doctrine of absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their

Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In *Cichowski v. Totten*, the Eleventh Circuit held that the district court did not err in dismissing the plaintiffs' § 1983 claims for injunctive relief against a Florida state judge with prejudice because the plaintiffs "did not allege that a declaratory decree was violated, or that declaratory relief was unavailable." 2024 WL 2182487, at *2 (11th Cir. May 15, 2024) (per curiam), *cert. denied*, 145 S. Ct. 418 (2024). Additionally, to obtain injunctive relief, a plaintiff must show "the absence of an adequate remedy at law." *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam)). "A state appellate process is an adequate remedy at law." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) (citing *Sibley*, 437 F.3d at 1074).

In Alabama, state judges have the authority to set and reduce bail. *See* Ala. Code § 15-13-107(a) ("Judges of any court within the state may accept, take, and approve bail within the jurisdiction of their respective courts."); *see also* Ala. R. Crim. P. 7.2. Based on this authority, Judge Goggans acted in a judicial capacity in

---

judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

setting Mr. Murray's bail, and Mr. Murray has not alleged that Judge Goggans violated a declaratory decree or that declaratory relief is unavailable.

Additionally, Mr. Murray has not alleged facts that plausibly show that he has no adequate remedy at law. For a state pretrial detainee, a challenge to the state district court's bail determination may be asserted in a petition for a writ of habeas corpus filed in the state circuit court. *See Ex parte Colbert*, 717 So. 2d 868, 870 (Ala. Crim. App. 1998). If the circuit court denies the petition, the state inmate can seek further review by filing a petition for a writ of habeas corpus with the Alabama Court of Criminal Appeals.[4] Any adverse ruling there can be appealed to the Alabama Supreme Court. *See Ex parte Colbert*, 805 So. 2d 687, 688 (Ala. 2001) (reviewing the Alabama Court of Criminal Appeals' denial of a petition for a writ of habeas corpus challenging the denial of bail and holding that a "petition for habeas corpus is the proper remedy" for such challenges for noncapital offenses). Therefore, Mr. Murray can pursue state review of the excessive-bail claim by filing the necessary petition for a writ of habeas corpus and following the appellate process. *See id.*

---

[4] In *Ex parte Colbert*, the state district court originally set the defendant's bail at $1 million and later reduced it to $500,000. *See* 717 So. 2d at 869. The defendant then filed a petition for a writ of habeas corpus in the circuit court requesting a further reduction in his bail. After a hearing, the circuit court revoked the defendant's bail, whereupon the defendant filed a petition for a writ of habeas corpus in the Alabama Court of Criminal Appeals. *See id.*

For the foregoing reasons, the § 1983 excessive-bail claim for injunctive relief against Judge Goggans will be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1), as this claim is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## B.    Recharacterization of Mr. Murray's 42 U.S.C. § 1983 Complaint as a Petition Under 28 U.S.C. § 2241

The district court evaluates a *pro se* litigant's pleading based on its substance and the relief sought, rather than on its title or form, allowing for recharacterization as necessary. *See United States v. Russell*, 994 F.3d 1230, 1241 n.9 (11th Cir. 2021) (recognizing the court's obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework and, if so, recharacterize the motion based on the substance of the filing and the relief sought" (citation and internal quotation marks omitted)).  "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks and citations omitted).  Section 2241 provides a federal habeas remedy to a state pretrial detainee who claims to be held in custody in violation of the Constitution, laws, or treaties of the United States.  *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition[,] it would only be properly asserted pursuant to 28 U.S.C. § 2241"); *Stacey v. Warden,*

*Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

Mr. Murray contends that his pretrial detention is unconstitutional, citing excessive bail, the lack of a preliminary hearing, and preindictment delay. He seeks injunctive relief and, by implication, his immediate release and arguably the dismissal of the state charges (*e.g.*, "time served"). (Doc. # 1 at 6.) Mr. Murray's claim alleging excessive bail implicates the Eighth Amendment to the United States Constitution. *See Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009) (per curiam) ("The Eighth Amendment to the Constitution, applicable to the States through the Due Process Clause of the Fourteenth Amendment, . . . provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" (citation omitted)); *see also Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972)[5] ("[T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail."). His claim alleging that he has been detained without a grand jury indictment appears to raise a due-process claim under the Fourteenth Amendment. The Fourteenth Amendment protects state

---

[5] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

pretrial detainees from deprivations of liberty without due process of law. *See State v. Sealy*, 728 So. 2d 657, 661–62 (Ala. Crim. App. 1997) (discussing the requirements for a state pretrial detainee to establish a Fourteenth Amendment claim alleging the denial of due process due to preindictment delay); *see generally United States v. Lovasco*, 431 U.S. 783, 789 (1977) (providing that the Due Process Clause of the Fifth Amendment "ha[s] a limited role to play in protecting against the prejudice caused by a preindictment delay"). Furthermore, Mr. Murray's claim alleging that he has been detained without a preliminary hearing implicates the Fourth and Fourteenth Amendments. More specifically, "[b]y virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Baker v. McCollan*, 443 U.S. 137, 142 (1979).

Mr. Murray's claims, which allege violations of the Fourth, Eighth, and Fourteenth Amendments in connection with his pretrial detention, challenge both the legality of his pretrial confinement and the legitimacy of the ongoing prosecution. These claims fall within the "core" of habeas corpus. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). As a pretrial detainee, Mr. Murray's must assert his claims in a habeas-corpus petition under 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004).

Accordingly, Mr. Murray's § 1983 complaint will be recharacterized as a § 2241 petition. He will be required to file an amended petition using the appropriate habeas-corpus form under 28 U.S.C. § 2241. The amended petition must name the individual who has custody over him as the respondent, in accordance with 28 U.S.C. § 2242. Mr. Murray must specify the bases for the challenges to his detention, state all grounds for relief and the facts supporting each ground, and specify the relief requested. Additionally, Mr. Murray is advised of the following.[6]

First, recharacterization of Mr. Murray's § 1983 complaint as a § 2241 petition reduces the amount of the filing fee. The filing fee for a 42 U.S.C. § 1983 action is

---

[6] The issue of whether converting a § 1983 complaint into a § 2241 petition necessitates a *Castro*-type warning remains unanswered in this circuit. Independent research found no published decision from the Eleventh Circuit on this topic. In *Castro v. United States*, the Supreme Court held that "when a court recharacterizes a *pro se* litigant's motion as a first [28 U.S.C.] § 2255 motion," the court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." 540 U.S. 375, 383 (2003). According to a treatise, "[a]t least one court has held that *Castro*'s admonition requirement applies in cases where the district court seeks to recharacterize a *pro se* litigant's motion as a § 2241 petition. *Simon v. U.S.*, 359 F.3d 139, 143–44 (2d Cir. 2004)." Brian R. Means, Federal Habeas Manual § 11:80 (2025); *see also Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 131 (5th Cir. 2020) ("We have not squarely addressed whether *Castro* applies to a recharacterized § 2241 petition."). Since the court is notifying Mr. Murray of the recharacterization of his 42 U.S.C. § 1983 complaint as a 28 U.S.C. § 2241 petition, it is not necessary to resolve this issue.

$350.00, while the filing fee for a 28 U.S.C. § 2241 petition is $5.00. *See* 28 U.S.C.
§ 1914(a).

Second, successive § 2241 petitions   filed by state inmates are subject to
dismissal under the successive-writ rule, *see* 28 U.S.C. § 2244(a), and the abuse-of-
writ doctrine. *See Glumb v. Honsted*, 891 F.2d 872, 873 & n.1 (11th Cir. 1990) (per
curiam) (holding that the magistrate judge correctly recommended dismissal because
the claims had previously been litigated and adjudicated in a prior habeas proceeding
and thus were successive, citing 28 U.S.C. § 2244(a)); *see also Watson v. Coleman*,
644 F. App'x 996, 1000 (11th Cir. 2016) ("An abuse of writ occurs when a 'new'
claim by the petitioner was available but not raised in a previous petition." (citing
*Glumb*, 891 F.2d at 873)); *Baynes v. Zenk*, 215 F. App'x 932, 933 (11th Cir. 2007)
(per curiam) (holding that claims brought in successive § 2241 petitions may be
barred by § 2244(a) (citing *Glumb*, 891 F.2d at 873)).

Third, "a district court may not grant a § 2241 petition 'unless the petitioner
has exhausted all available state remedies.'" *Johnson v. Florida*, 32 F.4th 1092,
1095–96 (11th Cir. 2022) (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir.
1985) (per curiam)); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004)
("Among the most fundamental common law requirements of § 2241 is that
petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring).
To fully exhaust state remedies, "state prisoners must give the state courts one full

12

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999). Based on the current allegations, it appears that Mr. Murray has not exhausted his state remedies. For example, the necessary steps for Mr. Murray to exhaust state remedies before filing a 28 U.S.C. § 2241 petition for an excessive bail claim were outlined in the previous section. *See also Russaw v. Hughes*, 2012 WL 4378080, at *2 (M.D. Ala. Aug. 28, 2012) (To exhaust state remedies as required to bring a § 2241 petition, "under Alabama law, a pretrial detainee raising a claim of excessive bail who has had his petition for writ of habeas corpus presenting his excessive-bail claim denied by the trial court, must seek review of the trial court's ruling by filing a petition for writ of habeas corpus with the Alabama Court of Criminal Appeals, and he must seek review of an adverse ruling of the Alabama Court of Criminal Appeals on his excessive-bail claim by filing a petition for writ of habeas corpus in the Alabama Supreme Court."), *R&R adopted*, 2012 WL 4350901 (M.D. Ala. Sept. 24, 2012). If the § 2241 petition's allegations do not demonstrate that Mr. Murray has exhausted his state remedies, dismissal of the petition will be required.[7]

---

[7] Under Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Court*s, Rule 4 applies to petitions brought under 28 U.S.C. § 2241. Under Rule 4, summary dismissal of a § 2241 petition is required when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing § 2254 Cases*.

Fourth, Mr. Murray alleges that there is a state criminal proceeding pending against him in state court.  To the extent that he is requesting that this court enjoin the ongoing state prosecution, the *Younger* doctrine likely will require abstention.  *See Younger v. Harris*, 401 U.S. 37 (1971).  "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final."  *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45).  Absent extraordinary circumstances, abstention under *Younger* is required when three conditions are met:  (1) the state judicial proceeding is ongoing; (2) the proceeding implicates important state interests; and (3) the state provides an adequate opportunity to raise the constitutional challenge.  *See id.*

### III.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1)    Mr. Murray's 42 U.S.C. § 1983 excessive-bail claim for injunctive relief against Judge Goggans is DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1);

(2)    The Clerk of Court is DIRECTED to docket this action as a 28 U.S.C. § 2241 habeas-corpus petition; and

(3)    On or before **January 30, 2026**, Mr. Murray must either (1) state his intention to voluntarily withdraw this construed 28 U.S.C. § 2241 petition or (2) file

14

an amended § 2241 petition against the correct respondent[8] to assert all claims challenging the fact or duration of his confinement under § 2241; and

(4)    The Clerk of Court is DIRECTED to mail Mr. Murray the standard form for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 marked with the case number for the above-captioned action for his use in complying with this Memorandum Opinion and Order.

Mr. Murray is CAUTIONED that his failure to timely comply with this Memorandum Opinion and Order will result in dismissal of this action without further notice.

Furthermore, Mr. Murray must immediately inform the court of all changes in his address, *e.g.*, if he is transferred to a new correctional institution or released from confinement.  Such notice must be provided no later than **14 days** after the date of the address change.

DONE this 7th day of January, 2026.



/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[8] The proper respondent is the warden of the facility where Mr. Murray is incarcerated.  *See* Rule 2(a), *Rules Governing § 2254 Cases*.